NIPPON TRADING CO. *v.* UNITED STATES

No. 5302.—Invoices dated Nagoya, Japan, January 24, 1930, etc.
Certified January 25, 1930, etc.
Entered at San Francisco, Calif., February 11, 1930, etc.
Entry No. 15589, etc.

(Decided on remand June 9, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph E. Weil* and *Daniel I. Auster,* special attorneys), for the defendant.

DALLINGER, Judge: These appeals to reappraisement involve the question of the dutiable value of certain decorated chinaware and earthenware imported from Japan and entered at the port of San Francisco, Calif. The specific question at issue is whether or not the item of 10 per centum alleged to be a buying commission properly constitutes a part of said dutiable value.

This case was originally decided by me on October 10, 1940, in *Nippon Trading Co.* v. *United States,* Reap. Dec. 5022. On March 17, 1941, my decision was reversed by the Third Division of this Court sitting in review, and the case was remanded to me (*United States* v. *Nippon Trading Co.,* Reap. Dec. 5173).

The sole ground for reversal was the exclusion by the trial court of a special report (exhibit 2) of one Martin G. Scott, customs agent, dated December 17, 1929, for the reason that said report was not certified, as required by section 501 of the Tariff Act of 1930. The closing paragraph of the decision of the Third Division reads as follows:

The judgment of the trial court is therefore reversed and the case remanded with instructions to admit the report marked exhibit 2 in evidence and to make new findings of fact after weighing said report together with the other evidence in this case.   *   *   *.

I have carefully examined exhibit 2 offered by the defendant and now in evidence herein, and I agree with counsel for the importer in his brief filed herein that the document in question has little if any probative value.

Upon the entire record I find:

1. That the merchandise at bar was shipped by Nippon Boycki Shokai of Nagoya, Japan, to Nippon Trading Co. of San Francisco, Calif.

2. That the shipper acted solely as the agent for the Nippon Trading Co., the importer, in the purchase and shipment of said merchandise.

3. That the 10 per centum buying commission was a charge for such services and formed no part of the market value of said merchandise.

4. That the export values of said merchandise were the entered values thereof, less 10 per centum buying commission added by the importer on entry because of advances made by the appraiser, and that there were no higher foreign values.

5. That said export values constitute the dutiable values of said merchandise. Judgment will be rendered accordingly.